Filed April 6, 1892.

———————◆———————

No. 15,682.

## CHAMNESS *v.* COX.

BREACH OF PROMISE.—*Evidence.—Illicit Intercourse.— Violent Conduct of Defendant.*—Evidence showing all the facts in connection with the association of the plaintiff and defendant together and their treatment of each other, including their illicit intercourse with each other, and the defendant's violent conduct to the plaintiff, is proper.

SAME.—*Statute of Limitations.*—A right of action for a breach of promise to marry is not barred where the time between the first refusal to marry the plaintiff and the bringing of the suit is less than six years.

SAME.—*Statute of Limitations.—Postponement of Marriage.*—If there is an agreement to marry, and the time for its consummation is postponed from time to time by the defendant up to a date less than six years prior to the commencement of the action when the defendant refused to marry the plaintiff, the action is not barred by the statute of limitations.

PRACTICE.—*Instructions.— Written.—Commenting on.— Waiver.*—The practice of commenting on written instructions condemned.

From the Grant Circuit Court.

*C. L. Henry* and *E. E. Hendee*, for appellant.

*W. H Carroll, G. D. Dean* and *E. E. Dailey*, for appellee.

OLDS, J.—This is an action by the appellee against the

appellant for breach of marriage contract, and the complaint charges appellant with having sexual intercourse with appellee, resulting in pregnancy.

The parties were of mature age, the appellee a widow and the appellant a widower, and the appellant took the appellee to his house and she kept house for him during the existence of the promise, and two children were born to them as a result of their cohabitation.

The complaint is in two paragraphs. Issues were joined by answer in denial, and by plea of the statute of limitation, and reply in denial thereto. Trial was had, resulting in a verdict and judgment for two thousand dollars.

The only errors discussed arise on the overruling of the appellant's motion for a new trial.

The first error discussed is the overruling of a motion to strike out certain evidence relating to certain quarrels and abusive treatment by the appellant of the appellee, and threats made by him toward her, and that she became afraid of him as testified to by the appellee, a witness in her own behalf.

The evidence tended to show that the appellant commenced paying his attentions to the appellee by visiting her at her home, and soon a proposal of marriage was made and accepted, and the appellant postponed the marriage, on one pretext and another, and induced the appellee to come and make her home at his house and perform household duties for him, and induced her to yield to his illicit embraces, and they so lived for several years having two children born to her as the result of their illicit intercourse ; that after some lapse of time he commenced a course of cruel and abusive treatment toward her, using violence toward her, threatening her life and ordering her from his house.

The court permitted the introduction of evidence showing all the facts in connection with their association together and their treatment of each other, and it is this evidence the appellant made a motion to strike out, and the court overruled

the motion. In this ruling there was no error. It was entirely proper to admit this evidence.

It was contended on behalf of the appellee that the appellant at first paid his attentions to the appellee and avowed his love and affection for her, and promised to marry her, and took her to his house and gained her confidence and love and induced her to yield to his illicit embraces and then changed his conduct and treatment toward her, and it became such as to clearly indicate that he never intended to fulfill his promise of marriage.

It is next contended on behalf of the appellant that the court erred in commenting upon instructions orally and making certain oral suggestions in connection with the giving of instructions. When instructions are requested to be reduced to writing it is bad practice for a court to make oral comments or suggestions in regard to instructions, even if such comment or suggestions do not amount to an instruction as to the law. In this case the court gave no oral instruction as to the law and the appellant waived any objection to the oral statements made by the court. The court first announced to counsel for appellant that he would like to make the oral statement in regard to the instruction, and counsel replied that it was all right to do so. After this consent on behalf of counsel they can not be heard to object to such oral statement and secure a reversal of the judgment. On account of it counsel object to certain instructions given by the court, viz., instructions 11, 12 and 13, and contend that they are erroneous. We have carefully examined these instructions in connection with the objections suggested in the argument of counsel. We deem it unnecessary to set them out in the opinion. There was certainly no error committed in the giving of either of them.

As to the 11th instruction it is suggested that " it calls the jury's attention to the fact that they may consider various things as tending to prove or disprove the promise of marriage alleged by the appellee. While the evidence be-

fore the jury was simply the promise testified to by the appellee and denied by the appellant." There was a great deal of other evidence introduced which was proper to be considered by the jury in determining whether or not there was a promise of marriage entered into, and this instruction but tells the jury that it is proper for them to consider it.

The 12th instruction relates to the statute of limitations, and we do not think it bears the construction placed upon it by counsel for appellant. It tells the jury that if there was a contract of marriage entered into, and the appellant refused to perform it more than six years before the commencement of this suit, the appellee can not recover. This certainly states the law as favorable to the appellant, as he had the right to ask, and the giving of it constitutes no error for which he is entitled to a reversal of the judgment. Neither was there any error of which the appellant can complain in the giving of the 13th instruction. It tells the jury that if there was an agreement to marry and the time for its consummation postponed from time to time by the appellant up until a period less than six years prior to the commencement of this suit when the appellant refused to marry the appellee and the plaintiff was ready and willing to marry him, then this suit would not be barred by the statute of limitations. There was no error in this instruction prejudicial to the appellant.

It is suggested that the instruction proceeds upon the theory that a refusal on the part of the appellant was necessary to give the appellee a cause of action, whereas an actual refusal was not necessary. Admitting this to be true, we do not think the instruction would be prejudicial to the appellant, though it is not necesary to decide that question, for the instruction, we think, does not proceed upon that theory. It asserts the law to be that if there was an agreement to marry, and a postponement from time to time up to within a period of less than six years next prior to the bringing of the suit, and then there was a refusal on the part of the ap-

pellant to marry appellee, and she was willing to marry him, she would have a right of action not barred by the statute of limitation. There was no error in the giving of this instruction.

The conclusions we have reached upon the several questions presented lead to an affirmance of the judgment.

Judgment affirmed, with costs.

